UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUSTIN JONES, | ) | Case No. CV 15-1247-PJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) | |

In November 2010 and May 2011, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging that he had been unable to work since November 2010, due to manic depression, poor concentration, and pain. (Administrative Record ("AR") 169-78, 198, 222.) His applications were denied initially and on reconsideration. He then requested and was granted a hearing before an Administrative Law Judge ("ALJ"). In May 2013, he appeared with counsel and testified at the hearing. (AR 43-63.) In August 2013, the ALJ issued a decision denying his applications. (AR 15-36.) She found that Plaintiff had moderate limitations in concentration, persistence, and pace but was still capable of working provided that the work involved simple tasks and

was not highly stressful.  (AR 32.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-6, 10.)  He then filed this action.

Plaintiff contends that the ALJ's finding that he could perform simple tasks that did not involve a lot of stress did not encompass her finding that he was moderately limited in concentration, persistence, and pace.  (Joint Stip. at 5-7; AR 26-27.)  The Agency disagrees.  It argues that, since the reviewing doctor who assessed Plaintiff with moderate difficulties in concentration, persistence, and pace also concluded that Plaintiff could perform simple, repetitive work, the ALJ's findings were not inconsistent.  (Joint Stip. at 8-9.)  For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further consideration of this issue.

To begin with, the Court does not agree with the Agency that it was the reviewing doctor, Dr. Balson, who opined that Plaintiff could perform simple, repetitive tasks.  It appears that it was Agency analyst "SPRESSLY" who offered that opinion.  (AR 68-69.)  Further, it is not clear to the Court whether Dr. Balson's later entries on the same form constitute ratification of the analyst's views.  Thus, to the extent that the Agency is relying on the argument that the ALJ's decision should be upheld because it is consistent with Dr. Balson's opinion that Plaintiff could perform simple, repetitive tasks, that argument is rejected.

Plaintiff argues that his moderate difficulties with concentration, persistence, and pace are not subsumed in the limitation to simple tasks that are not highly stressful.  (Joint Stip. at 5.)  In *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211

(9th Cir. 2009), the Ninth Circuit faced a similar argument and concluded that the phrase "simple, repetitive work" does not necessarily encompass moderate difficulties with concentration, persistence, and pace.  As the circuit court explained, simple, repetitive assembly line work might require focus and speed that someone who is unable to maintain concentration, persistence, and pace cannot do.  *Id.* at 12.

     The same holds true here.  The ALJ's limitation to jobs involving simple tasks that are not highly stressful does not necessarily account for Plaintiff's moderate difficulties with concentration, persistence, and pace.  For example, one of the jobs the ALJ found Plaintiff could do despite these limitations was mail clerk, Dictionary of Occupational Titles ("DOT") No. 209.687-026.[1]  (AR 31.)  Though, as the description below suggests, this job may involve only simple tasks, it also appears to require a fair amount of concentration, persistence, and pace:

> Sorts incoming mail for distribution and dispatches outgoing mail: Opens envelopes by hand or machine.  Stamps date and time of receipt on incoming mail.  Sorts mail according to destination and type, such as returned letters, adjustments, bills, orders, and payments.  Readdresses undeliverable mail bearing incomplete or incorrect address.  Examines outgoing mail for appearance and seals envelopes by hand or machine.  Stamps outgoing mail by hand or with postage meter.  May fold letters or circulars and insert in envelopes [FOLDING-MACHINE OPERATOR (clerical) 208.685-014].

---

[1] Both the vocational expert and the ALJ mistakenly identified this job as "mail carrier."  (AR 31, 61.)

>     May distribute and collect mail.  May weigh mail to determine
>     that postage is correct.  May keep record of registered mail.
>     May address mail, using addressing machine [ADDRESSING-MACHINE
>     OPERATOR (clerical) 208.582-010].  May be designated according to
>     type of mail handled as Mail Clerk, Bills (clerical).

(DOT No. 209687-026.)

The ALJ's failure to account for Plaintiff's moderate limitation in concentration, persistence, and pace warrants remand for further consideration. *See*, *e.g.*, *Lubin v. Comm'r Soc. Sec. Admin.*, 507 Fed. App'x 709, 712 (9th Cir. 2013) (finding ALJ erred by using restriction to one-to-three-step tasks to account for moderate limitation in maintaining concentration, persistence, or pace because such jobs may require speed and concentration claimant lacked).

IT IS SO ORDERED.

DATED: June 22, 2016

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\JONES, A 1247\Memo Opinion and Order .wpd